## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**LEONARD GADZINSKI,**

      **Plaintiff,**

**v.**                                         **Case No. 3:10cv425/MCR/EMT**

**CITY OF FORT WALTON BEACH,**

      **Defendant.**

_____/

## ORDER

      The plaintiff, Leonard Gadzinski, filed this lawsuit against the City of Fort Walton Beach, Florida ("City"), asserting several employment-related claims in connection with the termination of his employment as a fire inspector, including claims for age discrimination under the Age Discrimination in Employment Act of 1967, as amended ("ADEA"), 29 U.S.C. § 623; violation of his procedural due process rights under 42 U.S.C. § 1983; and breach of contract under Florida common law (doc. 1). Pending before the court is the City's motion to dismiss the due process and breach of contract claims (doc. 7), to which the plaintiff has responded in opposition (doc. 10). Having considered the City's motion and the plaintiff's response, the court finds the motion should be granted.

**BACKGROUND**

      The plaintiff had been employed by the City as a fire inspector for eight years when he was terminated on June 5, 2009. At the time of his termination, the plaintiff was sixty years old. The City informed the plaintiff that his position was being eliminated as part of a city-wide reduction-in-force due to downsizing and budgetary shortfalls; the plaintiff, however, maintains that he was terminated because of his age. The plaintiff further claims that his termination violated Article 12 of the collective bargaining agreement ("CBA") between the City and fire department, which provided that an employee's training and

experience, overall performance record, and seniority are to be considered in the event of a reduction in force.[1]  On June 12, 2009, the plaintiff notified the City of his intent to file a grievance under the CBA and requested an extension of time in which to do so.  The City Manager, Mark Wiltsie, informed the plaintiff on June 16, 2009, that his request for an extension was denied because he had been laid off and thus had no "viable" grievance.  Wiltsie wrote the plaintiff again on June 17, 2009, reiterating that the plaintiff had no viable grievance and advising the plaintiff that his request for an extension was "without merit."  The plaintiff claims the City refused to allow him to file a grievance in violation of his right to procedural due process.  The City has filed a motion to dismiss the plaintiff's due process and breach of contract claims for lack of jurisdiction.  Specifically, the City argues that the court does not have jurisdiction over either claim because both claims are essentially labor disputes subject to the exclusive jurisdiction of the Public Employee Relations Committee ("PERC").  Alternatively, the City argues that, even if the court does have jurisdiction, both claims should be dismissed because the plaintiff failed to exhaust his administrative remedies.  The plaintiff opposes the City's motion, arguing that the court has jurisdiction over his breach of contract claim under 28 U.S.C. § 1367(a) and that he is not required to exhaust his administrative remedies in order to bring a § 1983 claim.

**DISCUSSION**

A.    <u>Motion to Dismiss Standard</u>

A motion pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure seeks dismissal of a complaint for lack of subject matter jurisdiction.  Challenges to subject matter jurisdiction under Rule 12(b)(1) can be facial or factual.  *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009).  "A factual attack challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered."  *Id.* (internal quotation marks and citation omitted).  With a facial attack, on the other hand, the court looks only at whether the

---

[1] Under Article I, § 6 of the Florida Constitution, public employees are guaranteed the right to bargain collectively by and through a labor union.  The fire department was unionized and had entered into a CBA with the City.

plaintiff has sufficiently alleged a basis for subject matter jurisdiction in his complaint. *Id*. "As it does when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court construes the complaint in the light most favorable to the plaintiff and accepts all well-pled facts alleged . . . in the complaint as true." *Id*. A facial 12(b)(1) motion is properly granted when, even accepting the plaintiff's allegations as true, he has not pled facts sufficient to establish a basis for subject matter jurisdiction. *See id*.

A motion pursuant to Rule 12(b)(6) seeks dismissal of the complaint for failure to state a claim on which relief can be granted. Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief;" detailed allegations are not required. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). As noted, in considering a Rule 12(b)(6) motion, the court accepts all factual allegations of the complaint as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). The motion is properly denied if the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949  (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This "plausibility standard" requires a showing of "more than a sheer possibility" that the defendant is liable on the claim. *Id.* The allegations of the complaint must set forth enough facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In other words, the complaint must contain sufficient factual matter, accepted as true, to permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. However, the court need not credit "[t]hreadbare recitals" of the legal elements of a claim unsupported by plausible factual allegations because "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* When considering a motion to dismiss, "the court limits its consideration to the pleadings and exhibits attached thereto" and incorporated into the complaint by reference. *Thaeter v. Palm Beach County Sheriff's Office*, 449 F.3d 1342, 1352 n.7 (11th Cir. 2006) (internal marks omitted).

B.    <u>State Law Breach of Contract</u>

The plaintiff complains that the City's refusal to allow him to file a grievance under the CBA constitutes a breach of contract and that the court has supplemental jurisdiction over his breach of contract claim pursuant to 28 U.S.C. § 1367(a) because it "form[s] part of the same case or controversy" as his age discrimination claim, over which the court has original jurisdiction.  The court disagrees.  The Florida Legislature ("Legislature") enacted the Public Employee Relations Act ("PERA") to regulate labor union activities involving public employees and created the PERC to "settle disputes regarding alleged unfair labor practices." Fla. Stat. § 447.503 (2009).  Florida courts have interpreted the PERA broadly and have held that the PERC has exclusive jurisdiction over "activities which 'arguably' constitute unfair labor practices as defined by section 447.501." *Browning v. Brody*, 796 So. 2d 1191, 1192 (Fla. 5th DCA 2001) (quoting *Maxwell v. Sch. Bd. of Broward Cnty.*, 330 So. 2d 177, 180 (Fla. 4th DCA 1976)).  According to § 447.501, unfair labor practices include, among others, "[i]nterfering with, restraining, or coercing public employees in the exercise of any rights guaranteed them under [the PERA]" and "[r]efusing to discuss grievances in good faith pursuant to the terms of the collective bargaining agreement." Fla. Stat.  §§ 447.501(1)(a) and (f).  Although the plaintiff has asserted a claim for breach of contract, his claim is more appropriately characterized as a breach of the duty of fair representation, which is an unfair labor practice within the exclusive jurisdiction of the PERC.  *See Alexander v. Orange Cnty. Pub. Schs.*, 2009 WL 2870504, at *1 (M.D. Fla. Sept. 1, 2009) (holding that plaintiff's breach of contract claim was more appropriately characterized as a breach of the duty of good faith and fair representation, which is an unfair labor practice covered by § 447.501, thereby falling within the PERC's exclusive jurisdiction); *see also Browning*, 796 So. 2d at 1193 (holding that the decision not to process a grievance for lack of merit is subject to the duty of fair representation and within the exclusive jurisdiction of the PERC).  Because the plaintiff's claim falls within the

exclusive jurisdiction of the PERC, this court lacks jurisdiction over it.[2]

C.      Procedural Due Process

Under 42 U.S.C. § 1983,

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proceeding for redress.

The Fourteenth Amendment provides protection for both substantive and procedural due process, and a violation of either due process right may give rise to a § 1983 claim. *McKinney v. Pate*, 20 F.3d 1550, 1555 (11th Cir. 1994) (*en banc*).  While substantive due process protects fundamental rights, *see id*. at 1556,  procedural due process is "meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property," *see Arrington v. Helms*, 438 F.3d 1336, 1347 (11th Cir. 2009) (internal quotation marks and citation omitted).   In evaluating whether a plaintiff's procedural due process rights have been violated, "a court must first decide whether the complaining party has been deprived of a constitutionally protected liberty or property interest." *Joshua v. City of Gainesville*, 768 So. 2d 432, 438 (Fla. 2000) (internal quotation marks and citation omitted).  In this case, the plaintiff complains that the City violated his procedural due process rights by terminating him without allowing him to file a grievance under the CBA.  It is well established that a public employee who can be fired only for cause has a constitutionally protected property interest in his continued employment and cannot be terminated without due process.  *Gilbert v. Homar*, 520 U.S. 924, 928-29 (1997) (citing *Bd. of Regents v. Roth*, 408 U.S. 564, 578 (1972)).  Specifically, the employee is

---

[2] The plaintiff also argues that he does not have a copy of the CBA and that the agreement may allow an aggrieved employee to accept his discharge as final and sue for breach of contract rather than contest the discharge through the procedures set forth in the CBA.  Even if the CBA contained such a provision, it would not change the result because a union cannot bypass the PERC's jurisdiction by contracting around the exclusivity requirement.  *See Commc'n Workers of Am. v. Indian River Cnty. Sch. Bd.*, 888 So. 2d 96, 101 (Fla. 4th DCA 2004).

entitled to "'some kind'" of pre-termination hearing during which he is given "'the opportunity to present his side of the story'" before the state agency can terminate him. *McKinney*, 20 F.3d at 1561 (quoting *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542-46 (1985)). A procedural due process claim is actionable under § 1983 "'only when the state refuses to provide a process sufficient to remedy the procedural deprivation.'" *Cotton v. Jackson*, 216 F.3d 1328, 1330-31 (11th Cir. 2000) (quoting *McKinney*, 20 F.3d at 1557). In other words, "the state must have the opportunity 'to remedy the procedural failings of its subdivision and agencies in the fora-agencies, review boards, and state courts' before being subjected to a claim alleging a due process violation.'" *Id.* at 1331 (quoting *McKinney*, 20 F.3d at 1560). If the plaintiff had adequate state remedies at his disposal and failed to take advantage of them, he cannot claim that the state deprived him of procedural due process. *Id.* at 1331; *see Zinermon v. Burch*, 494 U.S. 113, 124 (1990) (holding that § 1983 provides a federal remedy for procedural due process claims only when state remedies are inadequate). State procedures need not provide all the relief available under § 1983 to be adequate; rather, they need only "correct whatever deficiencies exist and . . . provide the plaintiff with whatever process is due." *Id*.

The PERC has full authority to adjudicate employment disputes, including the authority to conduct evidentiary hearings and order relief when appropriate. *See* Fla. Stat. § 447.503. The Eleventh Circuit has thus recognized that the PERA provides an adequate remedy to public employees claiming a denial of procedural due process. *See Wilson v. Farley*, 203 Fed. Appx. 239, 249 (11th Cir. 2006).[3] The plaintiff does not dispute that the PERA provides an adequate state law remedy; rather, he argues that he is not required to exhaust his state administrative remedies in order to bring a § 1983 claim. While it is true that a plaintiff does not have to exhaust state administrative remedies in order to bring a § 1983 claim, *see Patsy v. Bd. of Regents of the State of Fla.*, 457 U.S. 496, 507 (1982), a plaintiff cannot maintain a § 1983 claim if the state afforded him an adequate remedy, *see Cotton*, 216 F.3d at 1331. Because adequate state law remedies were available to

---

[3] While unpublished opinions are not considered binding, they may be considered as persuasive authority. *See* 11th Cir. R. 36-2; *see also United States v. Futrell*, 209 F.3d 1286, 1289 (11th Cir. 2000).

the plaintiff under the PERA, the plaintiff has failed to allege facts sufficient to state a § 1983 claim.  *See Wilson*, 203 Fed. Appx. at 249.

**CONCLUSION**

Accordingly, it is hereby ORDERED that the City's motion to dismiss (doc. 7) is **GRANTED** and this action is **DISMISSED WITH PREJUDICE**.  The Clerk of Court is directed to close the file.

**DONE AND ORDERED** this 8th day of July, 2011.


s/ *M. Casey Rodgers*
_____

**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**